# EXHIBIT A

Electronically Filed - Jackson - Kansas City - October 18, 2022 - 02:41 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

**AT KANSAS CITY**

| | |
|---|---|
| MCINTIRE, INC. | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) |
| | ) |
| MAG TRUCKS, LLC. | ) |
| 3320 S. OUTER BELT ROAD | ) |
| GRAIN VALLEY, MO 64029 | ) |
| | )      CASE NO: |
| | ) |
| DEFENDANT. | ) |

## PETITION FOR FRAUD, BREACH OF CONTRACT AND VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

**COMES NOW** Plaintiff, by and through counsel, and for its cause of action against

Defendant, hereby alleges and states as follows:

### FACTS COMMON TO ALL COUNTS

1.      Plaintiff is now and at all times relevant hereto was a corporation registered

and duly licensed to do business in the State of Virginia.

2.      Defendant is now and at all times relevant hereto was a corporation authorized to

do business under the laws of the State of Missouri, having its principal business location at 3320

S. Outer Belt Road, Grain Valley, Jackson County, Missouri.

3.      Service may be had on defendant's Registered agent, Spenserv, Inc. 1000

Walnut Street, Suite 1400, Kansas City, Missouri 64106.

4.      All agreements and actions and violations referred to hereafter occurred in

Jackson County, Missouri.

Electronically Filed - Jackson - Kansas City - October 18, 2022 - 02:41 PM

5. In January 2020, Plaintiff responded to defendant's advertisement for a reliable preowned truck.

6. Defendant through its agents presented plaintiff with a 2007 18' Freightliner,

 which was represented as being in excellent mechanical condition and with no rusts or mechanical defects.

7. In series of conversations, some of which were captured in text messages attached below as "Exhibit 1", the parties agreed to the purchase price of $42,296.00, Defendant on October 19, 2021, offered to send a credit application from its lender to plaintiff to complete and send $1,000.00 deposit to hold the vehicle.

8. Also captured in Exhibit 1 were representations made by Defendant to the effect that it had gone through the vehicle mechanically and inspected the vehicle, and response to plaintiff's inquiry about rusts, represented that it did not any rust of consequence. Defendant then sent plaintiff a few pictures by text as proof of his declaration that the vehicle had no rust problems. See Exhibit 1 below:

## EXHIBIT 1



Electronically Filed - Jackson - Kansas City - October 18, 2022 - 02:41 PM

9. Based on defendant's representations Plaintiff completed the credit application and submitted the $1,000.00 deposit. See Exhibits 2 and 3, below:

EXHIBIT 2



# EXHIBIT 3

DocuSign Envelope ID: C5008C29-B34B-4A52-B545-AE87EEF6D477

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the

| | CUSTOMER INFORMATION | VENDOR INFORMATION |
|---|---|---|
| **Oakmont Capital Services**<br>1398 WILMINGTON PIKE<br>WEST CHESTER, PA 19382<br>PH: 877-701-2391<br>FX: 800-843-2948 | McIntire, Inc.<br><br>233 Sherwood Dr<br>Waynesboro, VA 22980<br>COUNTY: Waynesboro City<br>PHONE: 540-337-0265<br>FEIN: 27-1006330<br>APPLICATION/EFA #: 2109070809 | MAG Trucks, LLC<br>3320 S Outer Belt Rd<br>Grain Valley, MO 64029<br>PHONE: 800-805-6818 |

**EQUIPMENT DESCRIPTION (the "Equipment"):**

2007 Freightliner MT55 18' Step Van SN/VIN: 4UZAARCP17CZ28323

**EQUIPMENT LOCATION: 7 Industry Way, Staunton, VA 24401**

| FINANCE AMOUNT (after down payment) | EFA TERM | PAYMENT FREQUENCY | EFA PAYMENT | DOWN PAYMENT | ADVANCE PAYMENT(S) | DOC FEE |
|---|---|---|---|---|---|---|
| $41,296.00 | 60 MONTHS | Monthly | $816.26 | $1,000.00 | $0.00 | $500.00 |

1. ACCEPTANCE OF EQUIPMENT AND COMMENCEMENT OF EQUIPMENT FINANCE AGREEMENT ("EFA"): [text]

CUSTOMER WAIVES TRIAL BY JURY IN ANY ACTION ARISING OUT OF OR RELATED TO THIS EFA AND AGREES TO THE CHOICE OF LAW, VENUE AND CONFESSION OF JUDGMENT PROVISIONS OF THIS EFA.

McIntire, Inc. ("Customer")
SIGNATURE: _Darren Keith McIntire_
TITLE: President
DATE: 10/20/2021

Oakmont Capital Holdings LLC and its successors and assigns ("Oakmont")
SIGNATURE: _Megan Zola_
TITLE: VP Documentation & Funding
DATE: 10/20/2021

2. GUARANTY: [text]

GUARANTOR WAIVES TRIAL BY JURY IN ANY ACTION ARISING OUT OF OR RELATED TO THIS EFA AND GUARANTY AND AGREES TO THE CHOICE OF LAW, VENUE AND CONFESSION OF JUDGMENT PROVISIONS OF THIS EFA

SIGNATURE: _Darren Keith McIntire_
Darren Keith McIntire

DATE: 10/20/2021

10.     The finance company, Oak Capital Services thereafter paid Defendant on Plaintiff's behalf for the truck.

11.     On October 30, 2021, Defendant in a text informed Plaintiff that the truck was shipping out the next day, and asked Plaintiff to send back the bill of sale, which was emailed to plaintiff the previous day, October 29, 2021. See Exhibit 4.

12.     The bill of sell sent to Plaintiff on October 29, 2021, contained a mandatory arbitration clause which was never brought up prior to Plaintiff's payment for the truck, and with which Plaintiff absolutely disagreed and therefore declined to sign the document.

13.     On November 2, 2021, Defendant again in a text message informed plaintiff that the shipment was being delayed for one or two days because of mechanical defect in the Mass Air Flow sensor, no other defects in the vehicle were mentioned to Plaintiff. See Exhibit 4, below:

EXHIBIT 4



14. On November 9, 2021, Defendant again sent a bill of sale dated 11-8-2021 for the vehicle to plaintiff through DocuSign to complete. See Exhibit 5, below:

EXHIBIT 5

---------- Forwarded message ---------
From: **Brock Christopher via DocuSign** <dse_NA4@docusign.net>
Date: Tue, Nov 9, 2021, 1:30 PM
Subject: Please DocuSign: McIntire BOS MAG28323.pdf
To: Darren McIntire <DMCINTIREINC@gmail.com>



**Brock Christopher**

brock@magtrucks.com

Darren McIntire,

Please DocuSign McIntire BOS MAG28323.pdf

Thank You, Brock Christopher

**Do Not Share This Email**
This email contains a secure link to DocuSign. Please do not share this email, link, or access code with others.

**Alternate Signing Method**
Visit DocuSign.com, click 'Access Documents', and enter the security code:
46C8445726A94160A6EB49ED8AFA2CE47

**About DocuSign**
Sign documents electronically in just minutes. It's safe, secure, and legally binding. Whether you're in an office, at home, on-the-go -- or even across the globe -- DocuSign provides a professional trusted solution for Digital Transaction Management™.

**Questions about the Document?**
If you need to modify the document or have questions about the details in the document, please reach out to the sender by emailing them directly.

**Stop receiving this email**
Report this email or read more about Declining to sign and Managing notifications.

If you are having trouble signing the document, please visit the Help with Signing page on our Support Center.

Download the DocuSign App

This message was sent to you by Brock Christopher who is using the DocuSign Electronic Signature Service. If you would rather not receive email from this sender you may contact the sender with your request.

15. Plaintiff declined to sign the bill of sale because it contained a mandatory arbitration clause which was never brought up in the transaction, and with which he absolutely disagreed.

16. When the vehicle was eventually delivered to plaintiff, it was in a high state of disrepair and defect including but not limited to:

    a) Rusted frame and exhaust pipe



b) Broken and dangling exhaust pipe



c) Grossly rusted exhaust pipe



d) Broken fuel tank strap



e) Leaking antifreeze

 and

f) And a long list of repair items needed before it could pass inspection.

11) Because of the defects in the vehicle, it is unable to pass inspection, and as such plaintiff is unable to deploy it in business operation as originally intended.

12)     As a direct result of defendant's misrepresentations, plaintiff has and continues to lose income from its business operations.

13)     Plaintiff has rescinded purchase agreement and demanded refund of the purchase price, and defendant has refused to refund the purchase price to plaintiff.

## COUNT I-COMMON LAW FRAUD

14)     Paragraphs 1 through 13 are hereby incorporated by reference as though fully set forth herein.

15)     Prior to entering into the contract to sell Plaintiff the subject vehicle, defendant intentionally, recklessly, or negligently made misrepresentations to Plaintiff. The misrepresentations include, but are not limited to, the following:

      a.     That the vehicle was in excellent condition:

      b.     That the vehicle was defect free:

      c.     That the vehicle was operating as designed by the manufacturer; and

      d.     That the vehicle was worth the agreed upon sale price.

16)     Defendant's misrepresentations were material to Plaintiff's decision to enter into the contract.

17)     The Defendant knew, or should have known, that its misrepresentations were false.

18)     Defendant's agent intended for Plaintiff to rely on the misrepresentations in deciding to purchase the vehicle.

19)     Plaintiff was unaware of the defect in the vehicle and the falsity of Defendant's misrepresentations.

20)     Plaintiff reasonably relied on Defendant's representations and had the right to

do so.

21) As a direct and proximate result of the Defendant's fraudulent misrepresentation, Plaintiff has suffered damage including, but not limited to, the following:

    a. Plaintiff has expended time and money to determine the defects in the vehicle while being actively deceived by defendant;

    b. Plaintiff has been deprived of the benefit of its bargain;

    c. Plaintiff has been forced to incur additional expense for professional fees, and other incidental expenses associated with the determining that defendant's representations were false; and

    d. Plaintiff has incurred and will continue to incur loss of business income.

22) Defendant's misrepresentations and conduct in this sales transaction was malicious and with reckless disregard for the rights of Plaintiff.

**WHEREFORE**, Plaintiffs pray the court for judgment against Defendant in an amount that is fair and reasonable in excess of $25,000.00 as compensatory damages, for its costs incurred herein, and for such other and further relief as the court deems just and proper.

## COUNT II - BREACH OF CONTRACT

23) Paragraphs 1 through 22 are hereby incorporated by reference as though fully set forth herein.

24) On October 20, 2021 Plaintiff and Defendant entered into a contract whereby Plaintiff paid Defendant the sum of $42,296.00 0 and Defendant agreed to deliver a 2007 18' Freightliner that was in excellent condition.

25) Plaintiff fully performed its obligations under the contract by paying the agreed upon sales price.

26) Defendant breached the contract in one or more of the following ways:

    a. Defendant failed to deliver a vehicle that was in excellent condition;

    b. Defendant failed to deliver a vehicle that is fit for ordinary transportation; and

    c. Defendant failed to deliver a vehicle whose value equaled the amount of the sales price.

27) As a direct and proximate result of the Defendant's breach of contract, Plaintiff has been damaged as more fully set forth in Count I.

28) Defendant's conduct in breaching the contract was malicious and with reckless disregard for the rights of Plaintiff.

**WHEREFORE**, Plaintiffs pray the court for judgment against Defendant for breach of contract in an amount that is fair and reasonable in excess of $25,000.00, for its costs incurred herein including reasonable attorney's fees, and for such other and further relief as the court deems just and proper.

### COUNT III - VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

29) Paragraphs 1 through 28 are hereby incorporated by reference as though fully set forth herein.

30) Plaintiff purchased the above-described vehicle from Defendant for personal, family, or household purposes.

31) In connection with the sale or advertisement of the vehicle, Defendant employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice, and/or the

concealment, suppression, or omission of material facts as more fully set forth above.

32) Defendant's use or employment of such deception, fraud, unfair practice and concealment is a direct violation of Missouri Revised Statutes § 407.020.

33) As a direct and proximate result of the Defendant's use or employment of deception, fraud, false pretense, false promise, misrepresentation, unfair practice, and/or the concealment, suppression, or omission of material facts in connection with the sale of the vehicle, Plaintiff has suffered an ascertainable loss of money or property.

34) Plaintiff is entitled to bring a civil action in the Circuit Court of Jackson County, Missouri pursuant to Missouri Revised Statutes§ 407.025.

35) Plaintiff has been forced to employ an attorney to recover the damages caused by Defendant's violation of the Missouri Merchandising Practices Act and is entitled to recover its reasonable attorney fees.

**WHEREFORE**, Plaintiff prays the court for judgment against Defendant pursuant to Missouri Revised Statutes § 407.025, in an amount that is fair and reasonable in excess of $25,000.00 for its actual damages, for its costs incurred herein including reasonable attorney fees, and for such other and further relief as the court deems just and proper.

Respectfully submitted,

CHIONUMA LAW FIRM, LLC

*/s/ Chuck N. Chionuma*

Chuck N. Chionuma, Esq., MO Bar #32956
3100 Broadway Blvd., Suite 602
Kansas City, MO 64111
(816) 421-5544-Telephone
(816) 421-5353 - Facsimile
chuck@chionuma.com
**ATTORNEY FOR PLAINTIFFS**

Electronically Filed - Jackson - Kansas City - October 18, 2022 - 02:41 PM

Electronically Filed - Jackson - Kansas City - October 18, 2022 - 02:41 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

☒ **AT KANSAS CITY**　　　☐ **AT INDEPENDENCE**

MCINTIRE, INC.

NO._____

VS.

☒ CIRCUIT JUDGE

☐ ASSOCIATE CIRCUIT JUDGE

MAG TRUCKS, LLC

☐ SMALL CLAIMS

## MEMORANDUM TO DEPARTMENT OF CIVIL RECORDS
### INSTRUCTIONS FOR ALIAS SUMMONS

☒ **PRIVATE PROCESS**　　　☐ **CIVIL PROCESS**

☒ ISSUE ALIAS SUMMONS TO DEFENDANT

MAG Trucks, LLC

3320 S. Outer Belt Road

Grain Valley, MO 64029

Jackson County

COUNTY OF SERVICE

CASE CONTINUED TO: _____

☐ PREPARE TRANSCRIPT OF JUDGMENT

☐ AUTHENTICATED ☐ CERTIFIED ☐ RECORD AS LIEN
☐ W/LETTER

## REQUESTED BY

Chuck N. Chionuma　32956

NAME OF ☐ CREDITOR ☒ ATTORNEY & BAR NO.

3100 Broadway Blvd, ste 602

ADDRESS

Kansas City, MO 64111

CITY　　　　STATE　　　　ZIP

*/s/ Chuck N. Chionuma*

SIGNATURE

816-421-5544

PHONE

10/18/2022

DATE

## Please Provide Original & Copy

Electronically Filed - Jackson - Kansas City - October 18, 2022 - 02:41 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

**AT KANSAS CITY**

| | |
|---|---|
| MCINTIRE, INC. | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) |
| | ) |
| MAG TRUCKS, LLC. | ) |
| 3320 S. OUTER BELT ROAD | ) |
| GRAIN VALLEY, MO 64029 | ) |
| | )      CASE NO: |
| | ) |
| DEFENDANT. | ) |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT**

**COMES NOW** McIntire Inc., by and through counsel, and hereby requests Defendant MAG Trucks, LLC produce for inspection and copying the following documents and things, as defined by the Missouri Rules of Civil Procedure, in the time prescribed by law, by mailing or electronically transmitting to Defendant's counsel of record, copies of said documents and things:

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Any and all documents and things identified by **Defendant** in its answers to **Plaintiff's** First Interrogatories.

2. Any and all sales receipts, sales agreements, sales contracts, notes, memoranda and invoices pertaining to the sale or transaction of the **Automobile** which was sold to **Plaintiff**.

3. Any and all photographs, images, videotapes and films which in any fashion depict the condition of the **Automobile**.

4. **Your** entire "file jacket" and any other documents pertaining to the **Automobile**.

5. Any and all copies of titles, title receipts, evidence of ownership, evidence of

1

transfer of ownership pertaining to the **Automobile**.

6. Copy of any check, bank draft, money order, or any other evidence of payment, which this **Defendant** paid to the owner of the **Automobile**, which is the subject matter of **Plaintiff's** Petition, when this **Defendant** acquired possession and ownership of the **Automobile**.

7. Copy of invoice, bill of sale and/or buyers order form from which this **Defendant** acquired ownership and possession through purchase of the **Automobile**.

8. Any and all documents related to **Defendant's** purchase of the **Automobile** at an auto auction.

9. All service records, records of maintenance, statements, invoices, receipts for maintenance, service and/or parts for the **Automobile**, from the time that you acquired the **Automobile** to the time that you sold it to **Plaintiff**.

10. All service records, records of maintenance, statements, invoices, receipts for maintenance, service and/or parts for the **Automobile**, from the time following the sale of the **Automobile** to the **Plaintiff**.

11. Copy of the "file jacket" and any other documents when this **Defendant** purchased and/or obtained the **Automobile**.

12. Any dealer's bond, dealer's application for bond, declaration sheets, or occupational license, regarding your ability to sell new and/or used vehicles for the year 2017 and to the present.

13. Any applications made to the Department of Revenue for dealer's license for the year 2017 to the present.

14. A copy of the insurance policy including the Declaration Page or Certificate of Coverage of any policy of insurance which may indemnify you for **Plaintiff**'s claims.

15. The entire file maintained by any individual identified by you to testify as an expert witness.

2

Electronically Filed - Jackson - Kansas City - October 18, 2022 - 02:41 PM

Electronically Filed - Jackson - Kansas City - October 18, 2022 - 02:41 PM

Respectfully Submitted,

CHIONUMA LAW FIRM, LLC

*/s/ Chuck N. Chionuma*

Chuck N. Chionuma #32956
3100 Broadway Blvd., Ste 602
Kansas City, Missouri 64111
Phn: (816) 421-5544
Fax: (816) 421-5353
chuck@chionuma.com
**ATTORNEY FOR PLAINTIFF**

3

Electronically Filed - Jackson - Kansas City - October 18, 2022 - 02:41 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

### AT KANSAS CITY

| | |
|---|---|
| MCINTIRE, INC. | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) |
| | ) |
| MAG TRUCKS, LLC. | ) |
| 3320 S. OUTER BELT ROAD | ) |
| GRAIN VALLEY, MO 64029 | ) |
| | )     CASE NO: |
| | ) |
| DEFENDANT. | ) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

COMES NOW Plaintiff McIntire Inc., by and through counsel, and hereby propounds to

Defendant MAG Trucks, LLC Plaintiff's First Set of Interrogatories, to be answered under oath, by

Plaintiff in the time and manner prescribed by the Missouri Rules of Civil Procedure, to wit:

### INTERROGATORIES

1.      Please **identify** the full name, title and relationship to **Defendant** of the individual answering these interrogatories.

ANSWER:


2.      Do you have any insurance agreements which may indemnify **Defendant**, in whole, or in part, against any judgment **Plaintiff** may obtain in the instant action?
Yes ( ) No ( )

If your answer is "Yes," **identify**:

a)      The name and address of the company or companies; and
b)      The policy number(s).

ANSWER:

3. Please state whether there exists any controversy between **Defendant** and any of the insurers issuing any policy identified in preceding interrogatory regarding whether or not the policy affords coverage for any of the allegations made in the Petition For Damages. Yes (  ) No (  )

If your answer is "yes", **identify** the following:

a) The factual basis for the controversy regarding coverage; and
b) If you have received a reservation of rights letter.

ANSWER:

4. Please **identify** what, **oral statements**, if any, **Plaintiff** made to **Defendant** or any agent or employee of this **Defendant** concerning the **Automobile** or the purchase of the **Automobile**.

ANSWER:

5. Please **identify** everyone who drove the **Automobile** from the time **Defendant** acquired the **Automobile** to the time it was sold to **Plaintiff**.

ANSWER:

6. Please state the name, address and telephone number of each individual known to you, or known to **Persons** acting on your behalf, to have direct factual knowledge of **Plaintiff's** purchase of the **Automobile**.

ANSWER:

7. Please state whether this **Defendant** has in its possession or under its control any audio or video recording, statements or any recitals of **Plaintiff**, whether in writing, reduced to writing or recorded. If so, please attach such statements or transcriptions hereto to your answers to these interrogatories.

ANSWER:

2

Electronically Filed - Jackson - Kansas City - October 18, 2022 - 02:41 PM

8.     Please **identify** each and every employee, agent or representative of the **Defendant**, who spoke with the **Plaintiff**.

ANSWER:

9.     Please **identify** each and every registered owner of said **Automobile** prior to the sale of the **Automobile** to the **Plaintiff**.

ANSWER:

10.     Please **state** how and when the **Defendant** acquired said **Automobile**, including in your answer from whom this **Defendant** purchased the **Automobile**; and the purchase price and mileage when it was acquired.

ANSWER:

11.     If the **Automobile** was purchased by **Defendant** at an auto auction, please **identify** any conditions of the sale or announcements made about the **Automobile** (for example ride and drive, as is, auction guarantee) and sale price.

ANSWER:

12.     If the **Automobile** was purchased by **Defendant** at an auto auction, please **identify a**ny repair work or reconditioning performed on the **Automobile** by the auto auction after the purchase.

ANSWER:

13.     Did **Defendant** ever request or receive an Autocheck, Carfax or any other similar vehicle history report on the **Automobile**?  Yes (   ) No (   )

If your answer is yes, please state the following:

3

a)    The type or name of the vehicle history report; and

b)    The date of the vehicle history search.

ANSWER:

14.    If Defendant received an Autocheck, Carfax or any other similar vehicle history report on the **Automobile**, please state why you ran a vehicle history search on the **Automobile and** whether you provided **Plaintiff** a copy of a vehicle history report.

ANSWER:

15.    Please **identify** each repair and service work performed on the **Automobile** from the time this **Defendant** acquired the **Automobile** to the time it was sold to the **Plaintiff**. For each occurrence **identify** the date of each service and/or repair, the reason for the service and/or repair and describe the service and/or repair performed.

ANSWER:

16.    Please **identify** each repair and service work you performed on the **Automobile** after it was sold to the **Plaintiff**. For each occurrence identify the following the date of each service and/or repair, the reason for the service and/or repair and describe the service and/or repair performed.

ANSWER:

17.    Please **identify** each and every **person** whom you expect to call as an expert witness at trial and pursuant to Rule 56.01(b)(4)(A) state the following

a)    Full name and address, including street, city, state and zip code;

b)    Occupation;

c)    Place of employment;

d)    Qualifications to give an opinion, or if such is available on the expert's curriculum vitae, such curriculum vitae may be attached to these interrogatory

4

answers;

e) The general nature of the subject matter on which the expert is expected to testify; and

f) The expert's hourly deposition fee.

ANSWER:

18. Please **identify** each non-retained expert witness, including **Defendant**, whom you expect to call at trial who may provide expert witness opinion testimony. Please provide the expert's name, address and field of expertise.

ANSWER:

19. Please **identify** whether any employee of **Defendant** spoke with any other employee of **Defendant** after the sale of the **Automobile** to **Plaintiff** about the **Plaintiff**, the **Automobile** or **Plaintiff**'s purchase of the **Automobile**. If so, for each individual **identify**:

a) The names, addresses and telephone numbers of the individuals involved; and

b) **Identify** all **oral statements** made.

ANSWER:

20. Please **identify** all correspondence to the **Plaintiff** regarding the **Automobile**, or simply produce copies of the same.

ANSWER:

21. If **you** purchased the **Automobile** at an auto auction, then **identify** all individuals known to **Defendant** who took part in or witnessed the purchase of the **Automobile** at auction. Please state the names, addresses, telephone numbers and relationship to the **Defendant** of any such individual.

ANSWER:

5

22.     **Identify** the name, address, and telephone number of each **person** known to you who has knowledge of or has participated in any discussions, diagnostic, inspections, repairs, or maintenance concerning the **Automobile** between the time you first knew of the **Automobile** and the present, and for each such **person** state in full detail the nature of his/her knowledge of or participation in those events.

ANSWER:

23.     If any response to Plaintiff's First Request for Admissions to Defendant is denied, then for each request for admission that you have denied please state and give specific reasons for each such denial.

ANSWER:

24.     Please identify the person who performed the Missouri safety inspection on the Automobile and/or who signed the Missouri Motor Vehicle Inspection Approval Notice on behalf of Defendant.

ANSWER:

Respectfully Submitted,

CHIONUMA LAW FIRM, LLC

*/s/ Chuck N. Chionuma*

Chuck N. Chionuma #32956
3100 Broadway Blvd., Ste 602
Kansas City, Missouri 64111
Phn: (816) 421-5544
Fax: (816) 421-5353
chuck@chionuma.com
**ATTORNEY FOR PLAINTIFF**

6

## <u>DEFENDANT'S SWORN STATEMENT</u>

STATE OF _____ )
                               )       ss.
COUNTY OF _____ )

       The below named person, being duly sworn upon their oath, states that she/he is authorized to make the foregoing answers to interrogatories on behalf of Defendant and that she/he has read the foregoing interrogatories and the answers given are true to the best of affiant's knowledge and belief.

By: _____

Printed Name: _____

Title: _____

Subscribed and sworn to before me this _____ day of _____, 2020.

_____
Notary Public

My Commission Expires:

_____



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>J. DALE YOUNGS | Case Number: 2216-CV24346 |
|---|---|
| Plaintiff/Petitioner:<br>MCINTIRE INC.<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHUCK N CHIONUMA<br>3100 BROADWAY BLVD<br>SUITE 602<br>KANSAS CITY, MO  64111 |
| Defendant/Respondent:<br>MAG TRUCKS, LLC | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** MAG TRUCKS, LLC
**Alias:**

**3320 S. OUTER BELT ROAD
GRAIN VALLEY, MO  64029**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

26-OCT-2022
Date

_____
Clerk

Further Information:

**Sheriff's or Server's Return**

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                                                        Notary Public

**Sheriff's Fees**
Summons                                    $_____
Non Est                                      $_____
Sheriff's Deputy Salary
Supplemental Surcharge          $_____10.00_____
Mileage                                      $_____ (_____ miles @ $._____ per mile)
**Total**                                      **$**_____
A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 4:22-cv-00810-DGK   Document 1-1   Filed 12/08/22   Page 27 of 37

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020

Electronically Filed - Jackson - Kansas City - October 18, 2022 - 02:41 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY
AT ___X___ KANSAS CITY_____INDEPENDENCE, MISSOURI

MCINTIRE, INC._____ )
                     Plaintiff/Petitioner,         )
VS.                                  )         Case No.:_____

                                  )
MAGS TRUCKS, LLC_____ )         Division No.:
                     Defendant/Respondent.   )

### MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff/Petitioner, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, and hereby moves for the appointment of ASAP Legal Services, LLC:

| Legal Name | Reg. # |
|---|---|
| ASAP Legal Services, LLC | N/A |
| Edward H. McPheeters | PPS22-0185 |
| Carter McPheeters | PPS22-0184 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

as private process servers in the above-captioned matter. In support of said motion, Plaintiff/Petitioner states that the above-**named individuals are on the Court's list of approved process servers** and the information contained in their applications and affidavits on file is current and still correct.

Respectfully Submitted,

*McIntire, Inc.*
**Plaintiff/Petitioner's Signature**

### ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby or**dered that Petitioner/Plaintiff's Motion for Appointment of Private Process Server** is sustained and the above-named individuals are hereby appointed to serve process in the above captioned matter.

10/26/2022   *Jennifer Brookshi*
**DEPUTY COURT ADMINISTRATOR**

IN THE CIRCUIT COURT OF JACKSON COUNTY
AT ___X___ KANSAS CITY_____INDEPENDENCE, MISSOURI

MCINTIRE, INC. )
                    Plaintiff/Petitioner,           )
VS.                                                 )          Case No.:_____
                                                    )
MAGS TRUCKS, LLC                                    )          Division No.:
                    Defendant/Respondent.           )

## MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff/Petitioner, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, and hereby moves for the appointment of ASAP Legal Services, LLC:

| Legal Name | Reg. # |
|---|---|
| ASAP Legal Services, LLC | N/A |
| Edward H. McPheeters | PPS22-0185 |
| Carter McPheeters | PPS22-0184 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

as private process servers in the above-captioned matter. In support of said motion, Plaintiff/Petitioner states that the above-**named individuals are on the Court's list of approved process servers** and the information contained in their applications and affidavits on file is current and still correct.

Respectfully Submitted,

*McIntire, Inc.*

Plaintiff/Petitioner's Signature

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby or**dered that Petitioner/Plaintiff's Motion for Appointment of Private Process Server** is sustained and the above-named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____                    _____
                                                               Judge or Circuit Clerk

Electronically Filed - Jackson - Kansas City - October 18, 2022 - 02:41 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

MCINTIRE INC.,

|  |  |
|---|---|
| PLAINTIFF(S), | CASE NO.  2216-CV24346 |
| VS. | DIVISION 6 |

MAG TRUCKS, LLC,

DEFENDANT(S).

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **J. DALE YOUNGS** on **09-FEB-2023** in **DIVISION 6** at **01:30 PM**.  All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting.  Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1.  Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file.  All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1.  A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2.  The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS.  Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a.	A trial setting;

b.	Expert Witness Disclosure Cutoff Date;

c.	A schedule for the orderly preparation of the case for trial;

d.	Any issues which require input or action by the Court;

e.	The status of settlement negotiations.

Case 4:22-cv-00810-DGK   Document 1-1   Filed 12/08/22   Page 31 of 37

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **J. DALE YOUNGS**
J. DALE YOUNGS, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
CHUCK N CHIONUMA, 3100 BROADWAY BLVD, SUITE 602, KANSAS CITY, MO 64111

Defendant(s):
 MAG TRUCKS, LLC

 Dated:  26-OCT-2022                                      MARY A. MARQUEZ
                                                          Court Administrator

Case 4:22-cv-00810-DGK     Document 1-1     Filed 12/08/22     Page 32 of 37

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

**AT KANSAS CITY**

| | |
|---|---|
| MCINTIRE, INC. | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) |
| | ) |
| MAG TRUCKS, LLC. | ) |
| 3320 S. OUTER BELT ROAD | ) |
| GRAIN VALLEY, MO 64029 | ) |
| | ) **CASE NO: 2216-CV24346** |
| | ) |
| DEFENDANT. | ) |

**MOTION FOR CHANGE OF JUDGE**

**COMES NOW,** Plaintiff by and through counsel, to request a change of judge in the above-captioned matter pursuant to Missouri Supreme Court rule 51.05(b).

Respectfully submitted,

CHIONUMA LAW FIRM, LLC

*/s/ Chuck N. Chionuma*

_____

Chuck N. Chionuma, Esq., MO Bar #32956
3100 Broadway Blvd., Suite 602
Kansas City, MO 64111
(816) 421-5544-Telephone
(816) 421-5353 - Facsimile
chuck@chionuma.com
**ATTORNEY FOR PLAINTIFFS**

**FILED**
**DIVISION 15**
**08-Nov-2022  14:56**
CIRCUIT COURT OF JACKSON COUNTY, MO

BY _____

MCINTIRE, INC.,                              )
                Plaintiff,              )
       vs.                                   )        Case No.  2216-CV24346
                               )        Division  15
                               )
MAG TRUCKS, LLC,                          )
                Defendant.          )

## <u>ORDER</u>

NOW, on this 8th day of November, 2022, the Court takes up Plaintiff's *Motion for Change of Judge*, filed on November 2, 2022.  Being fully advised in the premises;

IT IS HEREBY ORDERED that pursuant to Missouri Supreme Court Rule 51.05(b), Plaintiff's *Motion for Change of Judge* is GRANTED.

**IT IS SO ORDERED.**

     November 8, 2022
           DATE                      JALILAH OTTO, CIRCUIT JUDGE

**<u>Certificate of Service</u>**
This is to certify that a copy of the foregoing was automatically forwarded to the attorneys of record through the Court's eFiling system. In addition, this certifies that a copy of the foregoing was hand delivered/faxed/emailed/mailed to the following on November 8, 2022.

CHUCK N. CHIONUMA, Attorney for Plaintiff

   Law Clerk / Judicial Administrative Assistant, Division 15

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

**MCINTIRE INC. V MAG TRUCKS, LLC**

CASE NO: **2216-CV24346**
☒ CIRCUIT JUDGE CASE
☐ ASSOCIATE CIRCUIT JUDGE CASE
☐ COMMISSIONER CASE

## ORDER TRANSFERRING CASE

☒ CIVIL      ☐ CRIMINAL      ☐ DOMESTIC RELATIONS

This case is transferred to the Presiding Judge for reassignment pursuant to Circuit Court Rule for the following reason(s):

☒ Change of Judge    ☐ Recusal        ☐ Certification        ☐ Request for Jury
☐ Change of Venue to _____        ☐ Reciprocal Case      ☐ Other _____

☐ By agreement of the Judges, this cause is transferred directly to Division ____ pursuant to Circuit Court Rule. This transfer is with consent of the presiding judge and pursuant to local rule allowing a direct transfer of the case to a consenting judge without involvement of the Presiding Judge or the Presiding Judge's staff. No reciprocal transfer case is authorized by the Presiding Judge with regard to this transfer.

☐ Reciprocal transfer of a comparable case to Division ____ in exchange for Case # _____.

**CASE MANAGEMENT CONFERENCE/TRIAL DATES SET FOR THIS DIVISION ARE CANCELED.**

_____NOVEMBER 8, 2022_____                    _____
DATE                                                                JUDGE

## ORDER OF PRESIDING JUDGE REASSIGNING CASE

This case is reassigned to Division 3 pursuant to Circuit Court Rule.

☒ The receiving division shall select a comparable case, enter all data required to change the judge of record and cancel all scheduled events, including, but not limited to, case management conference, pretrial conference and trial dates, and shall deliver the case file folder to the transferring division listed above, along with a copy of this notice, within 20 days after the date of this Order. Failure to complete this reciprocal transfer within twenty days from the date of this Order shall result in forfeiting the right to make a reciprocal transfer with regard to this case.

_____09-Nov-2022_____                         _____
DATE                                                                JUDGE

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following attorneys of record on _____09-Nov-2022_____.

CHUCK N CHIONUMA, Attorney for Plaintiff, 3100 BROADWAY BLVD, SUITE 602, KANSAS CITY, MO 64111
-,

Data Entry
Copy

RECEIVING JAA: _____



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

Electronically Filed - Jackson - Kansas City - November 14, 2022 - 01:31 PM

| Judge or Division:<br>J. DALE YOUNGS | | Case Number: 2216-CV24346 |
|---|---|---|
| Plaintiff/Petitioner:<br>MCINTIRE INC. | | Plaintiff's/Petitioner's Attorney/Address<br>CHUCK N CHIONUMA<br>3100 BROADWAY BLVD<br>SUITE 602<br>KANSAS CITY, MO 64111 |
| | vs. | |
| Defendant/Respondent:<br>MAG TRUCKS, LLC | | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Breach of Contract | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** MAG TRUCKS, LLC
**Alias:**

3320 S. OUTER BELT ROAD
GRAIN VALLEY, MO 64029

# PRIVATE PROCESS SERVER

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

26-OCT-2022
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to
_Madeline Taloney_ _____ (name) _Vice President of Operations_ (title).

☐ other _____.

Served at _San_ _____ (address)
in _Jackson_ _____ (County/City of St. Louis), MO, on _11-9-22_ (date) at _10:18 am_ (time).

_Ed Mcpheeters_
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

(Seal)   **Must be sworn before a notary public if not served by an authorized officer:**

NOTARY PUBLIC - State of Missouri
Roxanne Hidaka
My Appt. Expires

Subscribed and sworn to before me on _11-10-22_ (date).

My commission expires: _9-16-24_
Date

_____
Notary Public

**Sheriff's Fees**
| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

FILED
DIVISION 3
15-Nov-2022  13:13
CIRCUIT COURT OF JACKSON COUNTY, MO
BY

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

MCINTIRE, INC.,                )
         **Plaintiff,**       )
v.                             )      **Case No. 2216-CV24346**
                           )      **Division 3**
MAG TRUCKS, LLC,               )
         **Defendant.**       )

## ORDER FOR CASE MANAGEMENT CONFERENCE

NOW on this day, the Court sets the above matter for case management conference on

**February 9, 2023 at 1:30 PM** via telephone. Please call the toll-free number 1-877-873-8017

and enter the access code 9926835.

      **IT IS SO ORDERED.**

November 14, 2022_____                    _____
Date                                                 HON. JERRI J. ZHANG
                                       Judge, Division 3

CC:     All counsel via e-Notification